EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José E. Ruiz Mattei<br><br>Recurrido<br><br>v.<br><br>Commercial Equipment Finance, Inc.<br><br>Peticionario | Certiorari<br><br>2024 TSPR 68<br><br>213 DPR ___ |

Número del Caso:  AC-2023-0069


Fecha:  21 de junio de 2024


Tribunal de Apelaciones:

    Panel IX

 Representante legal de la parte peticionaria:

    Lcdo. Raymond E. Morales



 Representantes legales de la parte recurrida:

    Lcdo. Enrique J. Mendoza Sánchez
    Lcdo. Enrique J. Mendoza Méndez

Materia: Derecho Laboral – Los reclamos al amparo de la Ley Sobre Despidos Injustificados y la Ley contra el Discrimen en el Empleo son transmisibles por razón de muerte.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José E. Ruiz Mattei

       Recurrido

        v.                  AC-2023-0069

Commercial      Equipment
Finance, Inc.

       Peticionario

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES

En San Juan, Puerto Rico, a 21 de junio de 2024.

En esta ocasión, nos corresponde resolver si los reclamos al amparo de la Ley Sobre Despidos Injustificados, _infra_, y de la Ley contra el Discrimen en el Empleo, _infra_, son transmisibles por razón de muerte. Específicamente, debemos determinar si luego del fallecimiento de la parte promovente en una reclamación judicial al amparo de las precitadas leyes laborales, procede la sustitución de parte para que los integrantes de su sucesión continúen el pleito. Por entender que ambas leyes son de carácter reparador, que las cuantías que ofrecen como compensación por los daños son de carácter patrimonial, y que la sucesión no intenta reclamar

sus propios daños, sino que busca que se compensen los de su causante, resolvemos en la afirmativa.

I

Los hechos de esta controversia se originaron el 4 de febrero de 2020. Ese día, el Sr. José E. Ruiz Mattei (señor Ruiz Mattei o recurrido) presentó una querella en contra de su ex patrono Commercial Equipment Finance Inc. (Comercial Equipment o patrono) luego de un alegado despido injustificado y discriminatorio por razón de edad. La querella se presentó ante el Tribunal de Primera Instancia, Sala de San Juan, al amparo de la Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2 del 17 de octubre de 1961, 32 LPRA sec. 3118 *et seq*. En la querella, el señor Ruiz Mattei alegó que trabajó como Vicepresidente de Crédito y Riesgo para Commercial Equipment desde mayo de 2013 hasta el 10 de enero de 2020, fecha en que fue despedido. Añadió que durante sus años de servicio nunca recibió alguna medida disciplinaria y que, a su entender, una de las razones que tomó en consideración el patrono para despedirlo fue su edad (62 años). Commercial Equipment presentó su contestación a la querella y negó las alegaciones del señor Ruiz Mattei. Adujo que el despido del recurrido respondió al buen y normal funcionamiento de la empresa. En apoyo, expuso que el señor Ruiz Mattei había incurrido en un patrón de conducta deficiente y negligente en sus funciones como supervisor.

El 23 de enero de 2023, el representante legal del señor Ruiz Mattei notificó que este había fallecido e indicó que sus hijos y únicos herederos Linette Esther Ruiz Dávila, Eric Ruiz Dávila y Adriana Sofía Ruiz Dávila, interesaban continuar con la acción instada por su padre. Conforme a ello, el 3 de mayo de 2023 solicitó la sustitución de parte querellante. Commercial Equipment presentó su oposición a la sustitución de parte fundamentándose en que las causas de acción presentadas en la querella se extinguieron con la muerte del recurrido. Por esta razón, solicitó que se desestimara con perjuicio la querella.

El foro primario denegó la solicitud de sustitución de parte. Dicho foro interpretó que las causas de acción sobre despido injustificado y discrimen por razón de edad eran de naturaleza personalísima y por eso no estaban sujetas a ser heredadas. El foro primario entendió que procedía la desestimación de las querellas presentadas por el señor Ruiz Mattei pues existía controversia sobre la procedencia de los reclamos del recurrido y sus correspondientes cuantías.

En desacuerdo, el representante legal del recurrido presentó un recurso de apelación ante el Tribunal de Apelaciones y solicitó que se revocara la determinación del foro primario que desestimó la reclamación del señor Ruiz Mattei y denegó la sustitución de parte. Commercial Equipment presentó su alegato en oposición. El foro apelativo intermedio revocó el dictamen del foro primario. En su determinación explicó que las reclamaciones del

recurrido se presentaron al amparo de estatutos reparadores. Dispuso que la Ley Núm. 80, infra, y la Ley Núm. 100, infra, proporcionan un remedio económico como indemnización por los daños y perjuicios causados al empleado. A raíz de esto, consideró que las causas de acción al amparo de las precitadas leyes constituyen un derecho patrimonial del empleado. El tribunal intermedio enfatizó que debido a que el señor Ruíz Mattei presentó su causa de acción antes de fallecer, sus herederos estaban facultados para sucederle en la reclamación. Por todo esto, concluyó que procedía la sustitución de parte demandante.

En desacuerdo, Commercial Equipment presentó un recurso de apelación ante este Tribunal. En este, arguyó que el foro apelativo se equivocó al determinar que la causa de acción por discrimen por edad y despido injustificado son transmisibles luego de la muerte del promovente. Por lo tanto, alegó que el foro apelativo incidió al ordenar la sustitución de parte.

Acogimos el recurso como certiorari por ser el adecuado. Con el beneficio de la comparecencia de las partes, procedemos a resolverlo, no sin antes delimitar el marco doctrinal aplicable a la controversia.

II

A. La sucesión por causa de muerte

Las relaciones jurídicas entre los sujetos y el objeto del derecho deben tener un sucesor para así proteger el tráfico jurídico y evitar la incertidumbre de la titularidad

de los bienes. Véase E. González Tejera, *Derecho de sucesiones: La sucesión intestada*, San Juan, Ed. De la Universidad de Puerto Rico, 2001, T. I, pág. 4. Es aquí donde cobra relevancia el derecho de sucesiones pues este responde a la necesidad de definir el destino a las relaciones jurídicas transmisibles de un causante. Íd.

La sucesión por causa de muerte es la transmisión de los derechos y obligaciones del causante que no se extinguen por su muerte. Art. 1546 del Código Civil, 31 LPRA sec. 10911. La sucesión toma lugar en el momento de la muerte del causante. Art. 1547 del Código Civil, 31 LPRA sec. 10912. En cuanto a la herencia, el Código Civil nos explica que esta "comprende los derechos y las obligaciones transmisibles por causa de la muerte de una persona, ya sea que los derechos excedan las obligaciones, que las obligaciones excedan los derechos, o que solo se trate de obligaciones". Art. 1552 del Código Civil, 31 LPRA sec. 10917. El Código Civil nos dice que el heredero es la persona que sucede al causante en todos los derechos y las obligaciones transmisibles a título universal. Art. 1553 del Código Civil, 31 LPRA sec. 10918.

De otra parte, mediante el concepto sucesión se hace referencia a las personas llamadas por ley o por testamento a recibir en todo o en parte la herencia de un causante. González Tejera, *op. cit.*, pág. 1. Asimismo, desde el punto de vista jurídico, con el término sucesión nos referimos a "poner a una persona o a un grupo de personas naturales o jurídicas en el lugar de otra o de otras, de manera que

aquella o aquellas asuman la posición de las últimas". González Tejera, *op. cit.*, pág. 2. Ante esta premisa, podemos decir que en la sucesión que se produce por razón del fallecimiento del causante, el sucesor viene llamado a ser deudor, acreedor, dueño, poseedor, nudo propietario, arrendador o arrendatario, tal y como lo era el sucedido. Íd. Dicho de una manera más sencilla, los sucesores están llamados a ocupar, por la ley o por el testamento, la posición jurídica en la que se encontraba su causante antes de haber fallecido.

No obstante, cabe señalar, que no todos los derechos y obligaciones son transmisibles por razón de muerte. Ciertas obligaciones y derechos no se transmiten a los herederos luego de la muerte del causante, por tratarse de derechos personalísimos o de carácter público o vitalicio del causante. González Tejera, *op. cit.*, pág. 3. Algunos ejemplos de estos derechos personalísimos son el derecho al usufructo y los derechos de uso y de habitación. Íd. Estos derechos no pueden transmitirse debido a que "su disfrute, tiene por límite la vida de su titular". González Tejera, *op. cit.*, pág. 326. Otros derechos que no se transmiten son las obligaciones inherentes a la labor personal del causante, como lo serían las obligaciones contraídas en consideración a la profesión, el arte o el oficio del deudor. Íd. Por ejemplo, "la obligación que asume una persona de escribir un libro, pintar un cuadro, cantar una ópera, dictar una conferencia o de representar a un cliente en un trámite

judicial, son ejemplos de obligaciones que se extinguen con su fallecimiento." González Tejera, *op. cit.*, pág. 327.

### B. *Transmisibilidad de una causa de acción civil*

Acorde con los principios anteriormente discutidos, la sucesión también está llamada a sustituir a su causante cuando al momento de fallecer, este era parte en una causa civil pendiente. Para viabilizar esta sustitución de parte, existe en nuestro ordenamiento procesal la Regla 22.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V. Esta regla establece que "cuando una parte fallece y la reclamación no queda extinguida por ello, cualquiera de las partes en el procedimiento o sus abogados notificarán el fallecimiento al tribunal y a las otras partes dentro del término de treinta días". De igual forma, la regla añade que "[e]l tribunal, a solicitud presentada dentro de los noventa días siguientes a la fecha de dicha notificación, ordenará la sustitución de la parte fallecida por las partes apropiadas". Íd.

Al interpretar la Regla 22.1 de Procedimiento Civil de 1979, 32 LPRA Ap. III —en lo pertinente idéntica a la de 2009— mencionamos que esta "atiende el interés público de que los asuntos en los tribunales se solucionen de forma expedita para evitar el perjuicio que la dilación pueda causar a las partes". Vilanova v. Vilanova, 184 DPR 824 (2012), citando a Echevarría Jiménez v. Sucn. Pérez Meri, 123 DPR 664, 685 (1989). De esta manera, luego de que se ordene la sustitución, las partes no quedan desprovistas pues se colocan en "los mismos zapatos" que la parte

sustituida. Pino Development Corp. v. Registrador, 133 DPR 373, 388 (1993).

Con lo anterior aclarado, resulta meritorio recordar que nuestro ordenamiento jurídico reconoce la existencia de dos tipos de daños. Estos son los daños especiales y los daños morales. Dentro de los daños especiales se encuentran los daños físicos y daños patrimoniales, pecuniarios o económicos que son toda aquella pérdida de los bienes objetivos. Rivera v. SLG Díaz, 165 DPR 408 (2005). Estos daños especiales admiten la valoración económica debido a que impactan directamente el patrimonio del perjudicado. Íd., citando a J. Santos Briz, *Derecho de Daños*, Madrid, Ed. Rev. Der. Privado, 1963, pág. 120. Por otra parte, los daños morales son aquellos causados a las creencias, los sentimientos, la dignidad, la estima social o la salud física o psíquica del perjudicado. Rivera v. SLG Díaz, supra, pág. 428. Es decir, son daños extrapatrimoniales que lesionan los derechos de la personalidad. Íd., citando a R. De Ángel Yagüez, *La Responsabilidad Civil*, Bilbao, Universidad de Deusto, 1988, pág. 224. Por otra parte, "aunque el daño moral no lesiona los bienes económicos de la persona, este daño indirectamente podría repercutir en el patrimonio de la persona y causar una perturbación anímica". Rivera v. SLG Díaz, supra, citando a G. Ortiz Ricol, *Valoración Jurídica del Daño Moral*, 48 Rev. Der. y Leg. 22, 24 (1959).

Anteriormente establecimos que el discrimen contra un trabajador de por sí, configura un daño compensable. García

Pagán v. Shiley Caribbean, 122 DPR 193, 214 (1988). Al considerar lo anterior, es menester recordar también que en Vda. de Delgado v. Boston Ins. Co., 101 DPR 598 (1973), reconocimos por primera vez que los herederos de una persona fallecida por actos culposos o negligentes están legitimados para reclamar por los daños que sufrió su causante en vida. Ante dicha coyuntura, en aquella ocasión colegimos que el aforismo de que la causa de acción muere con la persona resultaba anacrónico e incompatible con nuestra doctrina civilista que establece que el heredero es la continuación de la personalidad jurídica del finado. Íd., pág. 600. Ante ese cuadro, concluimos que en Puerto Rico los herederos estaban facultados para ejercitar una causa de acción por daños y perjuicios sufridos por su causante. Íd.

También añadimos que el derecho de los sucesores no depende de algún trámite procesal iniciado por su causante. Vda. de Delgado v. Boston Ins. Co., supra, pág. 602. Incluso mencionamos que el valor económico determinable en el patrimonio de la víctima se transmite a sus herederos, aun cuando no se hubiera iniciado la reclamación judicial. Íd., págs. 602-603. En aquella ocasión mencionamos que en nuestro ordenamiento jurídico ha existido una "práctica de convertir a indemnización pecuniaria el dolor y sufrimiento humano originado por el acto negligente". De igual manera mencionamos que "el derecho o causa de acción representa un bien valorable en dinero por lo que no hay razón legal ni moral para excluirlo del acervo o caudal relicto transmitido

por el causante a sus herederos". Íd. **De esta forma, le impartimos carácter patrimonial al derecho a reclamar daños y perjuicios.** (Énfasis nuestro). Con ese análisis, concluimos que el derecho del causante a obtener indemnización por los daños y perjuicios sufridos durante su vida constituye un derecho de crédito perfectamente transmisible bajo nuestras reglas generales que rigen la transmisibilidad de los derechos. Vda. de Delgado v. Boston, supra, citando a Puig Brutau, *Fundamentos de Derecho Civil*, Tomo V, Vol. 1, pág. 55.

Cónsono con lo anterior, en Sucn. Álvarez v. Srio. de Justicia, 150 DPR 252 (2000), resolvimos que las licencias por enfermedad acumuladas por un funcionario público fallecido son transmisibles a sus herederos. Allí observamos que el Código Civil no contenía una regla uniforme que permitiera distinguir entre los bienes, derechos y obligaciones que son transmisibles por herencia y los que, por ser personalísimos, concluyen con la vida del titular. Íd. citando a E. González Tejera, *Derecho Sucesorio Puertorriqueño*, San Juan, 1983, Vol. I, pág. 247. A pesar de eso, reconocimos que la regla general siempre ha sido la transmisibilidad de todos los elementos integrantes del patrimonio de una persona fallecida. Íd. Con ese marco doctrinario determinamos de que la licencia por enfermedad acumulada y no utilizada por un empleado de gobierno constituye un bien patrimonial transmisible a sus herederos.

**C. *Transmisibilidad de reclamaciones judiciales instadas al amparo de la Ley Núm. 80 y la Ley Núm. 100***

La Ley Núm. 80, supra y la Ley Núm. 100, supra, no establecen expresamente que los remedios provistos en ellas son de carácter personalísimo. Las precitadas leyes tampoco establecen que las causas de acción al amparo de estas terminan con la muerte del promovente. Ante esta situación, es preciso cumplir nuestra obligación de interpretar e impartirle sentido a esta área silente en nuestro derecho. Reiteradamente hemos expresado que, al interpretar el texto de una ley, los tribunales debemos respetar la voluntad legislativa y atribuirle un sentido que asegure el resultado que el legislador quiso obtener originalmente. Piñero v. AAA, 146 DPR 890 (1998); Col. Ópticos PR v. Pearle Vision Center, 142 DPR 221 (1997).

El Código Civil también nos dice que para descubrir el verdadero sentido de una ley cuando sus expresiones son ambiguas, se considerará su razón y su espíritu, mediante la atención a los objetivos del legislador. Art. 20 del Código Civil, 31 LPRA sec. 5342. Véase también Sucn. Álvarez v. Srio. de Justicia, supra, pág. 274; Bco. Popular de PR v. Mun. de Aguadilla, 144 DPR 651, 658 (1997). Por esta razón, al ejercer nuestra función interpretativa, estamos obligados a armonizar, en la medida de lo posible, todas las disposiciones de ley en cuestión en aras de obtener un resultado más sensato, lógico y razonable. Íd.

III

**A. *Ley sobre despidos injustificados***

La Ley Núm. 80, del 3 de mayo de 1976, <u>supra</u>, protege a los empleados de actuaciones arbitrarias de un patrono y le provee remedios económicos con el propósito de desalentar los despidos injustificados. <u>González Méndez v. Acción Social</u>, 196 DPR 213, 229 (2016). La Ley Núm. 80, <u>supra</u>, dispone en su Art. 7 que los empleados despedidos sin causa justificada tienen derecho a recibir de su patrono una mesada que se computa a base del mayor número de horas regulares de trabajo del empleado, durante cualquier período de treinta días naturales consecutivos, dentro del año inmediatamente anterior al despido. Ley Núm. 80-1976, 29 LPRA sec. 185g.

En vista de que claramente estamos ante un estatuto reparador, las disposiciones de la Ley Núm. 80-1976, <u>supra</u>, deben interpretarse liberalmente a favor de los derechos del trabajador para cumplir con sus propósitos. <u>Romero v. Cabrer Roig</u>, 191 DPR 643 (2014). El razonamiento detrás de estas normas de interpretación obedece al propósito mismo de las leyes laborales las cuales buscan garantizar la mayor protección a los trabajadores y no a terceras personas. <u>Romero v. Cabrer Roig</u>, <u>supra</u>, pág. 653.

**B. *Ley contra el discrimen en el empleo***

El 30 de junio de 1959 la Asamblea Legislativa de Puerto Rico promulgó la Ley Contra el Discrimen en el Empleo, Ley Núm. 100 del 30 de junio de 1959, 29 LPRA sec. 146 *et seq*. En la exposición de motivos de esta ley se señala que su

propósito es proteger a los trabajadores contra el discrimen en la relación de empleo. Es preciso mencionar que la propia ley dispone que "quien viole sus disposiciones incurrirá en responsabilidad civil". Véase, Art. 1 de la Ley Núm. 100, supra, 29 LPRA sec. 146. Por tanto, con esta ley, el legislador estableció una fórmula para reparar los daños causados por el discrimen en el empleo. García Pagán v. Shiley Caribbean, supra, pág. 211.

Al considerar que el legislador aprobó una medida para prohibir el discrimen e imponer responsabilidad civil por los daños causados, resolvimos que la Ley Núm. 100, supra, también permite reclamar indemnización por los daños y angustias morales. García Pagán v. Shiley Caribbean, supra, pág. 201. Luego de examinar el patrón legislativo dirigido a ampliar la protección de los derechos civiles y a conseguir el cumplimiento constitucional, concluimos que "a través de la Ley Núm. 100, supra, la Asamblea Legislativa aprobó un esquema remedial con todos los instrumentos necesarios para reparar a las víctimas de los daños causados por el discrimen en el empleo". Íd.

Llegamos a esa conclusión debido a que, si optábamos por impedir que los empleados recobraran daños y angustias mentales a través de la Ley Núm. 100, supra, el resultado habría sido transformar judicialmente una legislación de protección al obrero en una de privilegio para el patrono, quien obtendría una inmunidad parcial. García Pagán v. Shiley Caribbean, supra, pág. 211. Al tomar esta

determinación logramos darle contenido al principio establecido en la Carta de Derechos de la Constitución de Puerto Rico de que "[l]a dignidad del ser humano es inviolable. Todos los hombres son iguales ante la Ley.". Art. II, Sec. 1, Const. PR, LPRA, Tomo 1. Con esto en consideración, es importante tener claro que, aunque la Constitución es la fuente de remedios, es este estatuto el medio adecuado para proveer el resarcimiento de los daños causados por el discrimen. García Pagán v. Shiley Caribbean, supra, pág. 211.

Debido a que resulta pertinente a la controversia que tenemos ante nosotros, es preciso analizar en detalle lo resuelto en Santini Rivera v. Serv. Air, Inc., 137 DPR 1 (1994). Allí dijimos que los familiares de un empleado que ha sido objeto de discrimen por su patrono, en contravención a la Ley Núm. 100 supra, poseen una causa de acción propia al amparo del Art. 1536 del Código Civil, 31 LPRA sec. 10801, para obtener una indemnización por los daños sufridos como consecuencia del discrimen laboral hacia su familiar. En esas circunstancias, se compensarán los daños propios sufridos por los parientes, una vez quede establecido el trato discriminatorio en cuestión. Santini Rivera v. Serv. Air, Inc., supra, pág. 19.

Asimismo, enfatizamos nuestras expresiones en Cruz Roche v. Colón y Otros, 182 DPR 313 (2011). En ese momento, nos correspondía determinar si un pleito al amparo de la Ley Núm. 100, supra, podría transigirse sin el aval de un

excónyuge. Aquella vez colegimos que, aunque haya una partida ganancial en la cifra global concedida como compensación por una reclamación al amparo de la Ley Núm. 100, supra, la causa de acción por discrimen laboral es personalísima mientras no exista una sentencia final y firme en el pleito. Cruz Roche v. Colón y Otros, supra, pág. 325. Por eso dictaminamos que "incoar la demanda por discrimen en el empleo, litigar el caso, apelarlo o transarlo son acciones que pertenecen única y exclusivamente al empleado afectado". Íd. Conforme a esto, quien único posee legitimación activa en una causa de acción al amparo de la Ley Núm. 100, supra, es el empleado demandante. Íd. Tomamos aquella determinación basándonos en que el propósito del referido estatuto es cobijar a los empleados discriminados y no a sus familiares o parientes. Íd. Véase, además, Santini Rivera v. Serv. Air, Inc., supra.

A los fines de resolver la controversia ante nosotros, resulta apropiado analizar, para fines persuasivos, lo resuelto por el Tribunal de Apelaciones para el Primer Circuito en Vaello-Carmona v. Siemens Med. Solutions USA, Inc., No. 13-1405 (1st Cir. 2015). En este caso, se atendió una situación parecida a la que hoy nos ocupa. Allí, el Tribunal de Apelaciones para el Primer Circuito revocó el dictamen emitido por el Tribunal de Estados Unidos para el Distrito de Puerto Rico. Inicialmente, el tribunal de distrito denegó la sustitución de parte demandada solicitada por los hijos de un trabajador luego de su fallecimiento en

una reclamación por despido injustificado y discrimen laboral al amparo de la Ley Núm. 100, supra, y de la Ley Núm. 80, supra.

El tribunal de distrito tomó esta determinación luego de concluir que las demandas por discriminación laboral del trabajador en contra de su patrono no eran heredables. El Tribunal de Apelaciones revocó. Para fundamentar su determinación, utilizó el caso de Santini Rivera v. Serv. Air, Inc., supra. Así, el tribunal entendió que, si bien habíamos determinado que los familiares no tenían legitimación activa para presentar su propia causa de acción al amparo de la Ley Núm. 100, supra, esa no era la situación ante su consideración. El Tribunal de Apelaciones entendió que los herederos no buscaban iniciar un pleito, sino que buscaban que el ya instado por su causante continuara. Por esta razón distinguió la controversia de lo resuelto en Santini Rivera v. Serv. Air, Inc., supra.

El foro apelativo federal continuó su análisis y también distinguió su caso de lo resuelto por nosotros en Cruz Roche v. Colón y Otros, supra. Según el razonamiento del Tribunal de Apelaciones para el Primer Circuito, en los casos de Santini Rivera v. Serv. Air, Inc., supra y Cruz Roche v. Colon y Otros, supra, nunca establecimos que la Ley Núm. 100, supra, comprende reclamos de derechos personalísimos no heredables. Vaello-Carmona v. Siemens Med. Solutions USA, Inc., supra, pág. 11. A su juicio, la jurisprudencia de este Tribunal Supremo solo ha establecido

que los familiares de una persona agraviada no están legitimados para reclamar sus daños al amparo de la Ley Núm. 100, supra, ni para intervenir en las reclamaciones de los trabajadores. Íd. Debido a que los herederos no tenían la intención de vindicar sus propios reclamos, el Tribunal de Apelaciones para el Primer Circuito concluyó que procedía la sustitución de parte pues los herederos sí estaban legitimados para continuar el reclamo de su causante al amparo la Ley Núm. 100, supra, y la Ley Núm. 80, supra. Íd., pág. 12.

IV

En la controversia que nos ocupa, el patrono argumenta que el foro apelativo intermedio se equivocó al resolver que las causas de acción de discrimen por edad al amparo de la Ley Núm. 80, supra, y despido injustificado al amparo de la Ley Núm. 100, supra, son transmisibles por razón de muerte. **No le asiste la razón.** Nunca hemos expresado que los herederos de un causante que al momento de su fallecimiento había instado una causa de acción al amparo de una ley laboral se encuentran impedidos de sustituirle.

Lo que sí hemos dicho es que la única persona con legitimación activa para incoar una causa de acción al amparo de la Ley Núm. 80, supra, y la Ley Núm. 100, supra, y dirigir la reclamación es el empleado agraviado. Por esa razón, hoy reafirmamos que cuando una persona desee reclamar por los daños, sufrimientos y angustias ocasionadas por un patrono a un familiar debe recurrir al Art. 1536 del Código Civil,

supra. Es esa la única fuente de derechos para los familiares de un empleado agraviado. En cambio, la Ley Núm. 80, supra, y la Ley Núm. 100, supra, fueron creadas con la intención de viabilizar y agilizar únicamente los reclamos de un empleado y no los de sus familiares.

Con lo anterior, advertimos también que en Cruz Roche v. Colón y Otros, supra, lo que se cuestionaba era si la transacción potencial de una causa de acción al amparo de la Ley Núm. 100, supra, necesitaba el consentimiento del cónyuge por ser la indemnización del empleado de carácter ganancial. En aquel momento respondimos en la negativa porque la causa de acción pertenecía únicamente al empleado. Del mismo modo, en Santini Rivera v. Serv. Air, Inc., supra, la disposición del caso fue que los familiares de los empleados que han sufrido un despido discriminatorio no pueden reclamar sus propios daños utilizando como vehículo procesal la Ley Núm. 100, supra.

Dicho de una manera más simple, ni Cruz Roche v. Colón y Otros, supra, ni Santini Rivera v. Serv. Air, Inc., supra, presentaron una situación similar a la que hoy nos ocupa. Lo resuelto en los casos antes mencionados estuvo limitado a pautar que cuando el promovente de una reclamación al amparo de una ley laboral esté vivo, la causa de acción laboral es personalísima, y por eso, el empleado será la única persona con legitimación activa para dirigir su reclamo. Nuestras decisiones previas no pueden ser utilizadas para resolver que la sucesión del señor Ruiz Mattei está impedida de

sustituirle en el pleito en contra de su patrono. La posibilidad de que la sucesión pueda sustituir a su causante en una reclamación laboral debe analizarse partiendo de la premisa de que los herederos representan la continuación de la personalidad jurídica del empleado finado. Recordemos que según expusimos anteriormente, en virtud de la sucesión, los herederos del causante se ponen en su lugar en cuanto a los derechos y obligaciones que no se extinguen con su muerte. Véase Art. 1546 del Código Civil, supra.

La controversia ante nosotros nos presenta a un trabajador que instó diligentemente su causa de acción en contra de su patrono y falleció cuando estaba pendiente la adjudicación del caso ante el Tribunal de Primera Instancia. Sus herederos no buscan ser compensados por los daños sufridos por ellos. De hecho, no surge del expediente que estos hayan incoado alguna otra causa de acción personal por sus propios sufrimientos. La única intención de los herederos del señor Ruiz Mattei es que las partidas económicas a las que hubiese tenido derecho su padre sean otorgadas a ellos. En la jurisprudencia interpretativa que hemos analizado, no habíamos dicho que la causa de acción al amparo de leyes laborales muere con el causante. Lo que sí habíamos dicho es que los familiares no pueden reclamar sus propios derechos al amparo de esas leyes.

A la luz del marco doctrinal discutido y ante la incertidumbre jurídica existente, hoy resolvemos que las reclamaciones laborales son transmisibles por razón de

muerte. Como corolario de lo anterior, los herederos de un empleado agraviado tendrán legitimación activa para sustituir a su causante en cualquier reclamación pendiente ante los tribunales. Del mismo modo, tendrán legitimación activa para iniciar la reclamación laboral que su causante no pudo presentar antes de su muerte. Recordemos que el derecho de los sucesores para vindicar el derecho de su causante a reclamar daños no depende de algún trámite procesal iniciado por su causante. Vda. de Delgado v. Boston Ins. Co., supra, pág. 602. Ahora bien, la participación de los herederos en estas situaciones estará limitada a defender exclusivamente los derechos del causante.

La intención de los herederos en este caso es vindicar únicamente los derechos de su causante. Tal y como expresamos en Viuda de Delgado v. Boston Ins. Co., supra, si hoy decidimos impedir la transmisibilidad de esta causa de acción, quien recibiría sus beneficios no serían sus herederos, sino la persona que potencialmente causó el daño; en este caso, el patrono. Hoy afirmamos esas expresiones, pues si decidimos que no procede la sustitución de parte en este caso, premiaríamos al autor de un potencial acto culposo.

No podemos colocar en ventaja a un patrono potencialmente responsable por causar daños y perjuicios solo porque su empleado, quien estaba reclamándole, falleció antes de la sentencia judicial. En Puerto Rico existe una política pública dirigida a proteger los derechos de los

trabajadores. Véase, <u>Arroyo v. Rattan Specialties</u>, 117 DPR 35 (1986); <u>Whittenburg v. Col. Ntra Sra. del Carmen</u>, 182 DPR 937, 951 (2011). De igual forma, en Puerto Rico existe una política pública dirigida a erradicar todo tipo de discrimen. Véase Art. II, Sec. 1, Const. PR, LPRA, Tomo 1. Así pues, las leyes laborales no están diseñadas para favorecer a los patronos que incurren en discrimen o despido injustificado. Por tanto, impedir la sustitución de parte en estos casos atentaría en contra de la política pública establecida en Puerto Rico de proteger a los empleados de cualquier discrimen y despido injustificado. Si el legislador hubiese querido que la causa de acción del obrero terminara con la muerte, confiriéndole así esa inmunidad al patrono, tenía que decirlo expresamente. En ausencia de esa expresión, no nos queda más que establecer que los herederos están facultados para continuar las causas de acción al amparo de la Ley Núm. 80, <u>supra</u>, y de la Ley Núm. 100, <u>supra</u>, pendientes antes de la muerte de su causante.

Recordemos también que la Ley Núm. 80, <u>supra</u>, contempla en su Art. 7 una mesada como compensación económica. De igual manera, el Art. 1 de la Ley Núm. 100, <u>supra</u>, le ofrece al empleado agraviado una indemnización por los daños sufridos por el discrimen. Dicha mesada provista por la Ley Núm. 80, <u>supra</u>, como remedio económico y la causa de acción por daños provista por la Ley Núm. 100, <u>supra</u>, constituyen bienes patrimoniales. Distinto sería si la sucesión solicitara como remedio la restitución del empleado del Art. 2(f) de la Ley

80, *supra*, 29 LPRA sec. 185b, el cual sí constituye un remedio personalísimo del empleado y no puede ser transmitido a los herederos del causante. Si bien el foro primario todavía no ha adjudicado responsabilidad, sabemos que una reclamación por daños es un derecho de crédito transmisible a los herederos. Tal y como ya expresamos, no podemos ver cómo, solamente por ser incoada al amparo de leyes laborales, la reclamación del señor Ruiz Mattei no pueda ser transmitida a sus herederos.

La compensación que pudiera haber recibido el señor Ruiz Mattei, de salir victorioso, habría significado un aumento monetario en su caudal. Ese aumento en dinero tendría que haber sido entregado a sus hijos como únicos herederos. Lo mismo debe suceder ahora. Es decir, si en su momento el tribunal impone responsabilidad a Commercial Equipment, la compensación económica deberá ser pagada a la sucesión del señor Ruiz Mattei.

No vemos razón para decidir que si una causa de acción por daños y perjuicios ordinaria puede ser trasmitida por causa de muerte, una reclamación por daños al amparo de la Ley Núm. 100, *supra*, la cual provee, precisamente para recobrar daños, no pueda serlo de manera análoga. De igual manera, deben ser trasmisibles las partidas económicas provistas por la Ley Núm. 80, *supra*, pues para todos los efectos estas son un derecho patrimonial perfectamente transmisible.

Por todo lo anterior, hoy resolvemos que una vez fallecida la persona agraviada y con legitimación activa para incoar una causa de acción al amparo de la Ley Núm. 80, supra y Ley Núm. 100 supra, sus herederos tienen legitimación activa para continuar con la reclamación ya presentada. Advertimos que si el foro de instancia resuelve que proceden ambos reclamos, este debe descontarle a la compensación mayor cualquier cuantía que otorgue según la otra ley. Véase Santiago Ortiz v. Real Legacy Assurance Company, Inc., 206 DPR 194 (2021); Soc. De Gananciales v. Centro Gráfico, 144 DPR 952 (1998).

V

Por los fundamentos antes expuestos, se confirma la Sentencia del Tribunal de Apelaciones. Se ordena que la sucesión del señor Ruiz Mattei se sustituya como parte querellante y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Se dictará Sentencia en conformidad.


RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José E. Ruiz Mattei

      Recurrido

          v.                      AC-2023-0069

Commercial       Equipment
Finance, Inc.

      Peticionario

SENTENCIA

En San Juan, Puerto Rico, a 21 de junio de 2024.

Por los fundamentos antes expuestos en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, se confirma la Sentencia del Tribunal de Apelaciones. Se ordena que la sucesión del señor Ruiz Mattei se sustituya como parte querellante y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Colón Pérez concurrió sin opinión escrita.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo